# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-31236
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2013

Lyle W. Cayce
Clerk

JESSE MORRELL,

Plaintiff-Appellant,

v.

CITY OF SHREVEPORT; WILLIE L. SHAW, JR., in his official capacity;
JACQUELINE V. WILLIS, in her official and individual capacity; C.
STAFFORD, in his official and individual capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-1989

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant ("Appellant"), Jesse Morrell, appeals the district court's December 4, 2012 denial of his second motion for preliminary injunction in this constitutional challenge to various municipal ordinances of Shreveport, Louisiana (the "City"). For the reasons provided herein, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31236

## I.

Appellant is a self-described "street preacher." On the afternoon of Saturday, July 30, 2011, Appellant located himself in front of the El Dorado casino in Shreveport, on Clyde Fant Memorial Parkway near the intersection with Milam Street. Using a bullhorn, Appellant repeated slogans such as "you can't spell casino without sin" to passers-by and casino patrons. He carried a sign conveying a comparable message.

Defendants-Appellees ("Appellees")—two casino security guards, a Shreveport police officer, and his supervisor—ordered Appellant to relocate by one block, so as to distance himself from the casino. Appellees erroneously stated that Appellant was on private land. Appellant, who recorded video of this entire encounter, voluntarily left at this point.[1]

Thereafter, Appellant emailed Shreveport's City Engineer, who clarified on Monday, August 1, 2011 (the next business day) that the precise location where Appellant had stood on July 30 was indeed public land. Appellant also emailed other City officials, inquiring whether he would need a permit for his street preaching activities, even if on public land. A City official replied that an official response would be forthcoming, but none ever was provided. In the interim, Appellant concedes that he continued to street-preach on Shreveport public lands.

## II.

Appellant initiated the instant litigation on July 25, 2012. He first moved for a preliminary injunction on August 14, 2012. The district court denied that motion on September 20, 2012. Appellant filed an amended complaint on September 24, 2012, as well as a second motion for preliminary injunction. These are the live complaint and motion for purposes of this appeal. The district

---

[1] We have reviewed this video, which is part of the record on appeal.

No. 12-31236

court denied the second motion for preliminary injunction on December 4, 2012. Appellant timely filed this interlocutory appeal.

The heart of Appellant's prayer for relief is a challenge, under the First Amendment to the U.S. Constitution, to those Shreveport municipal ordinances that would restrict his street preaching activities. The crux of Appellant's motion for preliminary injunction is that, without a response from the City to the permitting questions Appellant posed in his emails, he is effectively estopped from engaging in street preaching activities on Shreveport public lands.

## III.

"Our standard of review for a district court's granting of a preliminary injunction is whether the issuance of the injunction, in the light of the applicable standard, constitutes an abuse of discretion." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 284 (5th Cir. 1999) (per curiam) (citation and internal quotation marks omitted). "In performing that review, findings of fact that support the district court's decision are examined for clear error, whereas conclusions of law are reviewed *de novo*." *Id.* at 284-85 (citation omitted).

## IV.

As the district court explained in its September 20 and December 4, 2012 opinions, this Circuit employs a four-part test—which the applicant bears the burden of satisfying—for entitlement to a preliminary injunction: (i) "a substantial likelihood that [the applicant] will prevail on the merits"; (ii) "a substantial threat that [the applicant] will suffer irreparable injury if the injunction is not granted"; (iii) that the applicant's "threatened injury outweighs the threatened harm to the party whom he seeks to enjoin"; and (iv) that "granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of

persuasion on all four requirements." *Id.* at 253 (citation and internal quotation marks omitted).

In its December 4, 2012 opinion, the district court held that Appellant cannot satisfy either of the first two prongs of this test. Because we affirm on the basis that Appellant cannot satisfy the second prong, we need not address whether he could satisfy the first prong.

"[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) (citation, footnote, and internal quotation marks omitted). "There must be a *likelihood* that irreparable harm will occur. Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Id.* (same) (emphasis in original). Thus, "[a] presently existing actual threat must be shown." *Id.* (same) (emphasis omitted). That said, "the injury need not have been inflicted when [the] application is made or be certain to occur; a strong threat of irreparable injury before trial is an adequate basis." *Id.* (same).

Here, on September 19, 2012, the City filed a sworn affidavit stating that Appellant may proceed with his street preaching without a permit so long as he does not engage in "street performances," as defined in § 42-347 of the City's municipal ordinances, or exceed the volume amplification threshold specified in § 58-30(20). In the event Appellant does engage in "street performances," he simply must obtain a permit by following the procedures specified in § 42-349, and comply with § 42-348's restrictions on performances that encroach upon private lands, including its prohibition on amplification devices.

In light of the City's affidavit, and Appellant's concession that he has continued street preaching during the pendency of this litigation, we conclude that there is not "a *likelihood* that irreparable harm will occur." Rather than

No. 12-31236

erect a "presently existing actual threat," the City has provided Appellant with his requested guidance as to complying with its municipal ordinances.

Appellant's constitutional challenge to the municipal ordinances applicable to his street preaching proceeds before the district court. At present, we take no position on the merits of that challenge.

## V.

For the foregoing reasons, we AFFIRM the district court's December 4, 2012 denial of Appellant's second motion for preliminary injunction.